UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD MIAH,

      Plaintiff,

vs.                           CASE NO.: 05-74181
                                 HON. LAWRENCE P. ZATKOFF

AMERICAN SECURITY INSURANCE CO.
and WASHINGTON MUTUAL BANK, F.A.,[1]

      Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on July 21, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment (Docket #3) filed by

American Security Insurance Company (hereinafter, the "ASIC").   Plaintiff has filed a response,

to which ASIC has replied.  The Court finds that the facts and legal arguments pertinent to the

Motion are adequately presented in the parties' papers, and the decisional process will not be aided

by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED

that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments.

_____

[1]Plaintiff has yet to serve a copy of the Summons and Complaint in this action on
Defendant Washington Mutual Bank, F.A.

For the reasons that follow, ASIC's Motion for Summary Judgment is GRANTED, and Plaintiff's cause of action is DISMISSED.

## II.  BACKGROUND

Plaintiff's complaint alleges that he sustained a fire loss at his home located at 2934 Lawley, Detroit, Michigan, on July 26, 2002.  Plaintiff was an additional insured under an insurance certificate issued by ASIC, policy no. ALR0707965475 (the "Policy").  Plaintiff first submitted a claim of loss to ASIC on June 7, 2005.  Plaintiff eventually filed suit against ASIC and Washington Mutual Bank, F.A. ("Washington Mutual") on October 3, 2005.  Washington Mutual was the lender on Plaintiff's mortgage and caused the Policy to be issued, with Washington Mutual listed as the insured.

The Policy contains a one-year statute of limitations provision as follows:

> Suit Against Us: No action shall be brought unless there has been compliance with policy provisions and the action is started within one year after the loss.

Plaintiff maintains that he had another insurance policy on his home that apparently expired without his knowledge.  Plaintiff claims he did not know about the cancellation of his other policy or that Washington Mutual placed insurance with ASIC until approximately April 25, 2005.

## III.  LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings, combined with any affidavits in support show that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted).  In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).


## IV.  ANALYSIS

Although the statute of limitations for contracts in Michigan is six years, parties are free to negotiate a shorter limitations period in the contract.  Moreover, courts are bound to enforce such provisions. *See Rory v Continental Ins. Co.*, 473 Mich 457, 470 (2005), wherein the court stated:

> We hold that an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written, unless the provision would violate law or public policy.

In this case, the Policy contains an unambiguous one-year limitation period.  Plaintiff failed to file

his action until almost three years after the loss occurred.  Accordingly, the Court finds that the limitations period under the Policy bars the Plaintiff's claim.

Plaintiff concedes that the limitations period under the Policy has run but argues that the "fraudulent concealment" exception of MCL §600.5855 should apply.  MCL §600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Plaintiff claims that he was fraudulently kept unaware of the circumstances regarding the existence of the policy until April 2005, when Washington Mutual finally produced such information. Plaintiff argues that Washington Mutual was in a fiduciary capacity in terms of acting on behalf of Plaintiff and that Washington Mutual's actions breached its fiduciary duties.

ASIC notes that no affidavits or other documentary evidence were included in Plaintiff's response.  More significantly, Plaintiff's response does not allege that ASIC engaged in any deceitful or other wrongful act.  To the contrary, Plaintiff's response indicates that he didn't even know about ASIC until April 2005. As such, Plaintiff fails to satisfy the core requirements of MCL §600.5855,  *i.e.,* that the "fraudulent" party engage in affirmative acts or misrepresentations that shielded information from the "injured" party. *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968), *cert. den.*, 394 U.S. 987 (1968).   In recent years, Michigan courts have acknowledged that concealment (silence) can be a basis for application of MCL §600.5855, but only if there was a duty to disclose by reason of a fiduciary relationship between the parties. *See, e.g.*, *Brownell v. Garber*, 199 Mich. App. 519 (1993).  In this case, Plaintiff does not allege a fiduciary relationship with ASIC.

For the foregoing reasons, the Court cannot agree with Plaintiff's contention that his claim is saved by MCL §600.5855. Accordingly, because the period of limitations pursuant to the Policy expired long before Plaintiff filed this action against ASIC, the Court hereby grants ASIC's Motion for Summary Judgment.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, ASIC's Motion for Summary Judgment is GRANTED. In addition, because Plaintiff has failed to serve Washington Mutual with a copy of the Summons and Complaint in this matter, the Court hereby DISMISSES Plaintiff's cause of action. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2006.

s/Marie E. Verlinde_____
Case Manager
(810) 984-3290